IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD W. DUDLEY                                                                                    PLAINTIFF

　　　　　　　　v.　　　　　　　　Civil No. 05-4052

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                              DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

　　　　Plaintiff, Ronald Dudley, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423,* and supplemental security income benefits (hereinafter "SSI"), and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

　　　　Plaintiff was 39 years of age at the time of the administrative hearing and has a twelfth grade, special education and some vocational technical schooling (T. 766, 333, 767, 522). He has past relevant work as: a light packer; deli meat slicer; light cleaner; forklift operator; and, tractor operator (T. 804-805, 524). Plaintiff asserts disability due to: osteoarthritis of the spine, left knee, ankle and wrist; history of inflammatory arthritis in his youth, either juvenile rheumatoid arthritis or brucellsis; chest wall post-traumatic arthritis; sinus bradycardia; malnutrition; headaches; gout; fatigue; and, depression.

　　　　The procedural history is recounted in the parties' appeal briefs and in the ALJ's decision and is not contested. However, it is noted, to some extent, as follows:

> Mr. Dudley has three separate sets of applications for a period of disability, disability insurance benefits, and supplemental security income properly before the undersigned [ALJ] for adjudication. Two by Orders of the United States District Court, Western District of Arkansas, and one by a timely request for a hearing. * * *
>
> The claimant's first set of applications was filed on April 14, 1998 and alleged an onset date of October 15, 1996. ...The claimant then filed an appeal with the United States District Court and, by agreement of the parties, the 1998 applications were remanded to the Commissioner on June 26, 2002 for further consideration.
>
> On July 24, 2000, while the 1998 applications were pending before the Court, the claimant filed a second set of applications. These alleged an onset date of February 3, 2000. ...After a hearing, at which the claimant and three witnesses testified, the [ALJ] again affirmed the denial of benefits in a decision issued on July 26, 2002. ...Following its review, the Court concluded that two issues, credibility and alcohol abuse, had not been dealt with properly, and on January 5, 2004 remanded the case to the Commissioner for further procedures consistent with the Order of the Court.
>
> On November 14, 2002, the claimant filed his third set of applications for a period of disability, [DIB], and [SSI]. In these applications he again alleged an onset date of February 3, 2000. * * *
>
> Because the issues related to all three sets of applications are the same, they have been combined for adjudication and this decision will be determinative of all of the pending applications. The undersigned [ALJ] has taken into consideration all of the evidence and testimony submitted with each set of applications.

(T. 442-443).

The most recent hearing was held on May 26, 2004 (T. 761-813). The ALJ rendered an unfavorable decision on July 28, 2004 (T. 442-459). By Order entered June 20, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 434-436), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #7 & 8), and this matter is now ready for consideration.

AO72A
(Rev. 8/82)

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002).* Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003).* As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001).* In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000).*

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted or can be expected to last at least one year or result in death, and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).* The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C).* A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); see also *Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler*,

AO72A
(Rev. 8/82)

*783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322*.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988)*.

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational

AO72A
(Rev. 8/82)

Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id.* at 349-50. The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir.1999); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir.1997); *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.1997).

Further, since certain 1996 amendments to the Social Security Act, if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the plaintiff's application must be denied. *42 U.S.C. § 423(d)(2)(C); 20 C.F.R § 404.1535.* The relevant statutory provision states, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." *42 U.S.C. § 423(d)(2)(C).* The burden of proving that alcoholism was not a contributing factor material to the disability determination falls on the plaintiff. *Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir.2002),* citing *Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th*

AO72A
(Rev. 8/82)

*Cir.2000)*. However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding.

If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the plaintiff's otherwise-acknowledged disability, the plaintiff's burden has been met and an award of benefits must follow. See *Social Security Administration Emergency Teletype, No. EM-96-94 at Answer 29 (Aug. 30, 1996)*, quoted in *Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir.2003)*. In colloquial terms, as to the issue of the materiality of alcoholism or substance addiction, "a tie goes to the plaintiff." *Brueggemann v. Barnhart 348 F.3d 689, 693 (8th Cir.2003)*.

The plain text of the relevant regulation requires the ALJ first to determine whether the plaintiff is disabled. *20 C.F.R. § 404.1535(a)* (" If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." (emphasis added)). The ALJ must reach this determination initially, as the ALJ did in *Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir.2003)*, using the standard five-step approach described in *20 C.F.R. § 404.1520* without segregating out any effects that might be due to substance use disorders. The ALJ must base this disability determination on substantial evidence of the plaintiff's medical limitations without deductions for the assumed effects of substance use disorders. *Brueggemann v. Barnhart, 348 F.3d at 694*. The inquiry concerns strictly symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established. Substance use disorders are simply not among the evidentiary factors that precedents and the regulations identify as probative, when an ALJ evaluates a physician's expert

-8-

opinion in the initial determination of the plaintiff's disability. See *20 C.F.R. § 404.1527.*

If the total of a plaintiff's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent. *Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir.2000); 20 C.F.R. § 404.1535(b)(2).* The United States Court of Appeals for the Eighth Circuit has previously noted that when the plaintiff is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and, therefore, more difficult than the same task when the plaintiff has stopped. *Pettit v. Apfel, 218 F.3d at 903.* Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other.

Only after the ALJ has made an initial determination that: the plaintiff is disabled; drug or alcohol use is a concern; and, substantial evidence on the record shows what limitations would remain in the absence of alcoholism or drug addiction, may the ALJ then reach a conclusion on whether plaintiff's substance use disorders are a contributing factor material to the determination of disability. If this process proves indeterminate, an award of benefits must follow. *Brueggemann v. Barnhart, 348 F.3d 695.*

**Discussion:**

The plaintiff contends that the instant matter should be remanded in that the ALJ erred, as follows: in finding his subjective complaints are not credible to the extent alleged; substantial evidence does not support the decision that "when the Plaintiff's limitations related to his alcohol use/abuse are removed from reconsideration, he remains capable of making a vocational adjustment to jobs that exist in significant numbers" in the economy (Doc. #7, p. 1);

-9-

AO72A
(Rev. 8/82)

and, substantial evidence does not support the ALJ's determination that plaintiff's alcoholism is a contributing factor material to the finding that he is disabled (Doc. #7, p. 2).

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 15, 1996, his original alleged onset date, and that he has severe impairments including: alcoholism; malnutrition; mild restrictive pulmonary defect; bradycardia; low blood pressure; gout; chronic low back pain; osteoarthritis; diminished hearing in his left ear; and, a history of dehydration, anemia, urosepsis, pneumonia and cellulitis (T. 458). While considered severe, plaintiff's impairments do no meet or equal a listing, and further, his subjective complaints were not entirely credible. Next, the ALJ found the plaintiff retained the physical residual functional capacity (hereinafter "RFC"), to perform a range of light work, and his alcoholism further restricted that range, in that he had only a poor ability to maintain attention and concentration or demonstrate reliability. Considering only his limitations in combination, not related to alcohol use/abuse, the ALJ found plaintiff could not perform his past relevant work (T. 458).

Finding further, transferability of skills was not an issue, and when considering the plaintiff's limitations related to back pain, osteoarthritis, episodic gout and alcoholism, the ALJ found plaintiff not capable of making a vocational adjustment to work existing is significant numbers in the national economy. Remove the alcohol use/abuse, and according to the ALJ, plaintiff remains capable of making such a vocational adjustment to jobs that exist in significant numbers in the national economy, as per VE testimony. Finally, the ALJ concluded:

13. The claimant has been under a disability, as defined in the Social Security Act, since October 15, 1996 when considering his alcohol related restrictions, but alcoholism is a contributing factor

> material to the Commissioner's determination that the claimant is
> disabled and, in accordance with Public Law 104-121, benefits
> may not be paid.

(T. 459).

The record indicates that plaintiff alleges numerous subjective complaints and nonexertional limitations, including: joint pain due to arthritis (T. 203, 201, 202, 771-772, 516, 532, 780, 793, 804, 101, 205, 208, 243, 327, 380, 386, 419, 420, 536, 540, 555, 582, 587, 602, 630, 741); headaches (T. 523, 101, 107, 155, 247, 379); gout (T. 582, 584); and, fatigue/malnutrition (T. 382-383, 202, 205, 119, 176, 385, 386, 404, 417, 631, 633, 521, 248, 253, 255, 346). Further, the plaintiff consistently alleges he has no money with which to pay for medications and treatment (T. 775-776, 498, 502, 517, 531, 532, 534, 762, 778, 784, 247, 251, 345, 363, 365, 366, 537, 547, 740). Finally, he asserts his over-the-counter medications cause side effects, such as dizziness, sleepiness and fatigue (T. 521, 242, 545).

Certainly, the failure to follow a prescribed course of treatment may be excused by a plaintiff's lack of funds. *Tome v. Schweiker, 724 F.2d at 714*. Medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered. To a poor person, a medicine that he cannot afford to buy does not exist. *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir.1986); Benson v. Heckler, 780 F.2d 16, 18 (8th Cir.1985); Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir.1984).*

With respect to his subjective allegations and nonexertional limitations, the ALJ finds plaintiff's complaints of pain not credible, in part, as follows:

> The claimant has also failed to follow a course of medical treatment consistent
> with that of an individual who is experiencing disabling pain in his back and
> joints. Mr. Dudley has asserted that his failure to seek treatment for his arthritic-

-11-

> type pain is due to a lack of finances. While financial inability can be considered a good reason for failing to get appropriate medical care, in this instance it is not. When the claimant has had serious medical emergencies, he has obtained extensive treatment by presenting himself at the emergency room. In fact, after his hospitalization in July 1998, Dr. S[a]rrett was following him without consideration of his financial status, but the claimant simply failed to follow through with this care. (Exhibit 4F) When his fingers and toes were bothering him due to gout, he went to the emergency room and received treatment. (Exhibit C-3F) The claimant knew how to obtain care when he felt he needed it. If his "arthritis" pain had been as bad as alleged, it is only reasonable to believe that he would have gone to the emergency room on at least one occasion to try and get help. Furthermore, even if he could not get professional help, he could use home remedies such as a heating pad or hot showers, but he testified that he did not do this. (1999 transcript, page 14)

(T. 453).

The ALJ's reasoning for discounting the plaintiff's credibility, despite well-documented assertions of record as to his financial status, is inconsistent and troubling, particularly in light of the ALJ's clear duty to fully and fairly develop the record. The undersigned notes that the record does not indicate whether plaintiff "failed to follow through with his care" with Dr. Sarrett, or if finances were an issue (T. 158-163). In addition, the ALJ does not clarify on what evidence he relied to conclude that the plaintiff "knew how to obtain care when he felt he needed it." (T. 453). Such conclusion infers, again, that plaintiff's alleged lack of finances did not enter into any decision to visit or not visit an emergency department.

Plaintiff also alleged disability due to depression (T. 775, 779, 248). The ALJ simply discounts these allegations on the basis that he "has never sought treatment for this condition or even made reference to it to an examining physician", citing *Pena v. Chater, 76 F.3d 906 (8th Cir.1996)* and *Brockman v. Sullivan, 987 F.2d 1344 (8th Cir.1993)* ("The Administrative Law Judge is under no 'obligation to investigate a claim not presented at the time of the application

for benefits and not offered at the hearing as a basis for disability.'" (T. 455). However, here, the plaintiff did raise the issue at the two most recent administrative hearings. And again, the ALJ did not specifically address the plaintiff's asserted lack of finances as it may have pertained to his lack of mental health treatment. The undersigned concludes that the issue of a mental limitation was not properly considered. It is also noted that pages one (1) and two (2) of a Psychiatric Review Technique Form are missing from the record (T. 164-165). Whether those documents are of import is unknown. However, it is suggested that a consultative mental examination would be helpful, in that and other respects.

Finally, because of the complicated nature of this matter, and the intricacies of the record which contains three (3) applications dating back to 1998 and other evidence, on remand, it is strongly suggested that the Commissioner consider utilizing a medical advisor to assist in her determination.

The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir.1991).*

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis and discussion of plaintiff's subjective complaints and his alleged mental impairment, keeping in mind his asserted lack of finances, and to utilize a medical advisor, if deemed necessary.

AO72A
(Rev. 8/82)

ENTERED this 6th day of July, 2006.

                                        /s/ Bobby E. Shepherd
                                        HONORABLE BOBBY E. SHEPHERD
                                        UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**